UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANELA GHILARY HUAMAN VILLANUEVA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Center, et. al.,<br><br>Respondents. | Case No.  1:25-cv-01218-JLT-HBK (HC)<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR SUPPLEMENTAL BRIEFING<br><br>(Doc. 34)<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AS MOOT<br><br>(Doc. 18)<br><br>ORDER DENYING PETITIONER'S REQUEST TO ENTER JUDGMENT AS PREMATURE<br><br>(Doc. 30)<br><br>MARCH 6, 2026 DEADLINE |

Pending before the Court are Petitioner's request for supplemental briefing, Petitioner's request to enter judgment, and Petitioner's motion for discovery.  (Docs. 18, 30, 34).

Petitioner is a former immigrant detainee proceeding with counsel on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, docketed on September 16, 2025.  (Doc. 1, "Petition").  On the same day, Petitioner filed a motion for temporary restraining order, which was denied by the district judge on October 24, 2025.  (Docs. 4, 13).  On November 21, 2025,

Petitioner filed a motion for discovery. (Doc. 18). On December 22, 2025, Petitioner filed a second motion for a temporary restraining order, and on January 4, 2026, the district judge converted the TRO to a motion for preliminary injunction, granted the motion for preliminary injunction, and referred the matter to the undersigned magistrate judge for further proceedings. (Doc. 29). On February 18, 2026, Petitioner filed a "request to enter judgment" because, according to Petitioner, the Court's January 4, 2026 Order granting preliminary injunction "constitutes a final decision on the merits of the case." (Doc. 30). On February 19, 2026, the Court directed the parties to advise as to whether they wished to provide supplemental briefing as to the merits. (Doc. 31). Respondents elected to submit on their previous filings, and Petitioner subsequently filed a request for supplemental briefing. (Doc. 34). Petitioner also confirmed that the motion for discovery (Doc. 18) is now moot. (*Id.*).

As an initial matter, the Court is confused by Petitioner's arguably contradictory requests for the Court to enter final judgment based solely on the entry of <u>preliminary</u> injunction, and the subsequent request to submit additional supplemental briefing as to the merits. Moreover, "findings of fact and conclusions of law made by a court in a preliminary injunction or TRO posture are preliminary and do not bind the court at the trial on the merits. Thus, it is not appropriate to enter a final judgment at a TRO stage." *Doe v. Noem*, 778 F. Supp. 3d 1151, 1167 (W.D. Wash. 2025) (citing *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.")). Accordingly, the Court will defer entering final judgment at this stage of proceedings to allow Petitioner to submit supplemental briefing as to the merits.

Accordingly, it is hereby **ORDERED**:

1.  Petitioner's Motion for Discovery (Doc. 18) is **DENIED AS MOOT**.

2.  Petitioner's Request to Enter Judgment (Doc. 30) is **DENIED as premature**.

3.  Petitioner's Request for Supplemental Briefing (Doc. 34) is **GRANTED**. No later than March 6, 2026, Petitioner shall submit supplemental briefing as to the merits of the claims in his Petition. Respondent may file an

2

optional reply to the supplemental briefing no later than March 13, 2026.

Dated:     February 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE