UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANELA GHILARY HUAMAN VILLANUEVA,<br><br>              Petitioner,<br><br>       v.<br><br>RON MURRAY, Warden Mesa Verde ICE Processing Facility; POLLY KAISER, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>              Respondents. | Case No.  1:25-cv-01218-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1]<br><br>(Doc. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner is a former immigrant detainee proceeding with counsel on her petition for writ of habeas corpus under 28 U.S.C. § 2241, docketed on September 16, 2025.  (Doc. 1, "Petition"). The Petition raises the following claims for relief: (1) Petitioner's detention in ICE custody without a bond hearing violates her substantive due process rights under the Fifth Amendment;

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

(2) Petitioner's detention in ICE custody without a bond hearing violates her procedural due process rights under the Fifth Amendment; and (3) Petitioner's detention is in violation of the Administrative Procedure Act (APA). (*Id*. at 13-17). As relief, *inter alia*, Petitioner asks the Court to issue a writ of habeas corpus requiring that Respondents release her from custody. (*Id*. at 17-18).

On September 16, 2025, Petitioner filed a motion for temporary restraining order ("TRO"), and October 24, 2025, the assigned district judge denied the TRO. (Docs. 4, 13). On December 22, 2025, Petitioner filed a subsequent motion for temporary restraining order. (Doc. 22). On January 4, 2026, the district judge converted the TRO to a motion for preliminary injunction and granted the motion for preliminary injunction. (Doc. 29). In relevant part, the district court found Petitioner was likely to succeed on the merits of his claim that her re-detention without a pre-deprivation bond hearing violated the Due Process Clause. (*Id*. at 8). Specifically, the court concluded that Petitioner has a protected liberty interest in her release, and on balance, the *Mathews v. Eldridge*[2] factors showed Petitioner is entitled to a bond hearing where the government must prove that she is a flight risk or danger to the community by clear and convincing evidence. (*Id*. at 5-7).

The Court ordered Respondents to immediately release Petitioner and enjoined and restrained Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified. (*Id*. at 9). The district judge referred the matter to undersigned magistrate judge for further proceedings. (*Id*.).

On February 19, 2026, the Court issued an order directing the parties to advise within five (5) days whether they wished to stand on the submissions to date or provide supplemental briefing on the merits of the Petition. (Doc. 31). On February 23, 2026, Respondents filed a one-paragraph opposition to the Petition for the reasons set forth in their previous filing. (Doc. 33).

---

[2] 424 U.S. 319, 335 (1976).

2

On March 3, 2026, Petitioner filed a supplemental brief arguing that the Petition is not moot because, although she has been released from detention, "in the absence of any permanent order, Petitioner's freedom would be jeopardized, as she would be at risk of re-detention at any of her ICE check-ins for no reason at all.". (Doc. 36 at 2-3). Thus, Petitioner asks the Court to grant the Petition. (*Id*. at 4).

The Court has carefully reviewed the record and applicable law and concludes, for the same reasons stated by the district court and analogous cases in other district courts, that Petitioner's re-detention without a pre-deprivation bond hearing was in violation of the Due Process Clause. (Doc. 29 (citing, *e.g., Pablo Sequen v. Albarran*, 2025 WL 2935630, at *13-14 (N.D. Cal. Oct. 15, 2025)).

Accordingly, it is hereby **RECOMMENDED:**

The Petition for Writ of Habeas Corpus (Doc. 1) be **GRANTED and the case be CLOSED.**

////

////

////

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:   May 4, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE